STATE OF MONTANA,
    Plaintiff,        NO. DC 97-18
  vs.            DECISION

**Danny M. Dahlin,**
    **Defendant.**

On December 15, 1997, it was the sentence and judgment of this court as follows: 1. For the offense of perjury, the defendant shall be sentenced to the Department of Corrections for a period of six (6) years. The last two (2) years of such term shall be suspended. 2. Against the sentence imposed above, the defendant shall be given

credit for eighteen (18) days served in the Fergus County Jail. 3. This court recommends that the defendant volunteer for the Department of Corrections Boot Camp Program. Should the defendant successfully complete such program, he may petition this court for a reduction in sentence pursuant to Section 53-30-402, Montana Code Annotated. 4. During the suspended portion of this sentence, the defendant shall be under the supervision of the Adult Probation and Parole Bureau, and shall abide by all rules and regulations of such bureau. 5. The defendant shall obtain a chemical dependency evaluation, with some evaluator licensed by the State of Montana. The defendant shall be obligated to follow all treatment recommendations. The defendant shall sign a release of information, allowing his supervising officer and Department staff access to information to determine compliance herewith. This court recommends that the Department of Corrections arrange for such evaluation to take place as soon as possible. 6. The defendant shall be obligated to reimburse Fergus County for the costs of his court appointed counsel in this matter. Such costs are the amount of $4,595.02. This amount shall be paid in monthly installments of $100.00, with the first such installment being due and payable within 60 days of the defendant's release from custody of the department of corrections; whether such be parole or probation; or upon obtaining employment in any pre-release setting. Subsequent monthly installments of the same amount shall be due in each succeeding month. 7. According to Section 46-18-236, MCA, the defendant shall pay the mandatory surcharge of $20.00. Such amount shall be payable within 30 days of the defendant's release from custody of the department; again upon being granted probation or parole or upon obtaining any employment in a pre-release setting. 8. The defendant shall be required to pay the $5.00 user court technology fee. Such shall be due and payable at the same time as the mandatory surcharge specified in the preceding paragraph. 9. Pursuant to section 46-23-1031, MCA, the defendant shall pay the mandatory supervision fee of $120.00 for each year of supervision. 10. All amounts to be paid by the defendant shall be paid by cash or money order to the clerk of this court, whose address is P.O. Box 1074, Lewistown, Montana 59457. The defendant shall be required to pay the cost of supervision of restitution to the clerk of this court, which shall be in an amount equal to ten percent (10%) of the amount of restitution collected by the clerk. However, the amount due the clerk shall not exceed $250.00. 11. This court makes a specific finding that the defendant has the ability to pay the amounts required herein. The defen-

dant is able bodied and capable of earning sufficient income to pay such amounts.

On June 4, 1998, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by attorney Rachel Wright. The state was represented by Fergus County Attorney Thomas P. Meissner.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division provides: "The sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (Section 45-18-904(3), MCA.) The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed.

Done in open Court this 4th day of June, 1998.

DATED this 17th day of June, 1998.

**Chairman, Hon. Wm. Nels Swandal, Member, Hon. Richard Phillips and Member, Hon. Jeff Langton**

The Sentence Review Board wishes to thank attorney Rachel Wright for representing Danny M. Dahlin in this matter and also Fergus County Attorney Thomas P. Meissner for representing the State.